Dorothy Zuidema, Administratrix of the Estate of Michael Zuidema, Deceased, Appellee, v. Chicago and Northwestern Railway Company, Appellant.

Gen. No. 9,284.

Opinion filed April 28, 1938. Rehearing denied May 25, 1938.

McCALMONT, RAMSAY & BULL, of Morrison, NELSON J. WILCOX, of Chicago, for appellant.

WOOD, McNEAL & GEHLBACH, of Moline, for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

This is a suit by appellee for the alleged wrongful death of her husband. The complaint alleged due care on the part of plaintiff's intestate and charged negligence on the part of appellant in that no warning by bell or whistle, or otherwise, was given by appellant's agents, of the approach of the train. Appellant denied all charges of negligence on its part and alleged contributory negligence on the part of the deceased. The jury returned a verdict against appellant for the sum of $6,000. This appeal is prosecuted from the judgment of the court thereon.

The accident out of which this litigation grows occurred out in the country where a public road crosses appellant's right of way. The road was a dirt road and ran in a north and south direction. Appellant's tracks ran east and west. Plaintiff's intestate was traveling in his automobile upon this road, going north and thus approaching appellant's tracks from the south. At this time one of appellant's freight trains was approaching the crossing, going west. The engine and the automobile collided upon the crossing, killing plaintiff's intestate.

The evidence shows that the accident happened at about three o'clock in the afternoon; that appellant's train consisted of about seventy cars and was traveling about 45 miles per hour. The only witness to the accident was the fireman on appellant's train. He was sitting in the cab of the engine and on the south side thereof, from which direction the deceased was approaching. The road in question led from the deceased's home, about three miles north of the crossing, south to a road known as the Lincoln Highway. The deceased was accustomed to using this road. As it approaches the tracks, both from the north and south, there is a rise in elevation, as the tracks of appellant at this place are several feet higher than the surrounding country.

The positive testimony of the engineer and fireman on appellant's locomotive is, that the engineer started the automatic bell ringing device and started sounding the whistle at the whistling post about 800 feet east of the crossing, and that the bell was sounded continuously and the whistle blown constantly from that time until the accident. The fireman stated that he saw the deceased approaching the crossing from the south at a speed of about 20 to 25 miles per hour. He stated that the deceased did not check the speed of his car and drove the same upon the right of way and upon the track directly in front of the engine. He further states that he saw no other cars. The accident happened at a country crossing where the view was open and reasonably free from any obstructions. The evidence shows that from a point in the road 150 feet south of the track, the view is unobstructed for a distance of over 400 feet, and from a distance of 100 feet south of the track, the view is unobstructed for a distance of 488 feet, and from a distance of 75 feet south of the track, the view is unobstructed for a distance of 569 feet. These figures are with reference to the direction from which appellant's train was approaching.

It has been stated by this court in *Moore v. Illinois Power & Light Corp.*, 286 Ill. App. 445, that it is the duty of a person approaching a place of danger, to do so cautiously and with a proper degree of care for his own safety, having in mind the danger to which he knows he is exposed (p. 445 and cases cited). The above doctrine has been announced in *Greenwald v. Baltimore & O. R. Co.*, 332 Ill. 627, 631, and in *Provenzano v. Illinois C. R. Co.*, 357 Ill. 192, 196, as follows: "The rule has long been settled in this State that it is the duty of persons about to cross a railroad track to look about them and see if there is danger, and not to go recklessly upon the track, but to take proper precaution to avoid accident. It is generally recognized that railroad crossings are dangerous places, and one

crossing the same must approach the track with the amount of care commensurate with the known danger, and when a traveler on a public highway fails to use ordinary precaution while driving over a railroad crossing, the general knowledge and experience of mankind condemns such conduct as negligence." The most recent pronouncement of this rule, of which we are aware, will be found in *Grubb v. Illinois Terminal Co.*, 366 Ill. 330, 338.

After a careful review of the record, we do not find sufficient evidence going to establish negligence on the part of appellant railroad company. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*